# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

U.S. DIST. COURT EAST DIST. WISC.
FILED

APR 1 1 2006

AT_____ O'CLOCK _____M
SOFRON B. NEDILSKY

**MICHAEL J. P. JANKOWSKI,**

**Plaintiff,**

**v.**                                        **Case No. 05-C-1195**

**JOURNAL BROADCAST GROUP, INC.,
CITY OF MILWAUKEE, and
MILWAUKEE COUNTY,**

**Defendants.**

---

## ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE CASE

---

Proceeding pro se, Michael J. P. Jankowski (Jankowski) filed a complaint against defendants Journal Broadcasting Group (Journal Broadcasting), City of Milwaukee, and Milwaukee County. Jankowski then filed a petition to proceed in forma pauperis. Before the court can allow Jankowski to proceed in forma pauperis, the court must make a determination that Jankowski cannot pay the $250.00 filing fee and that his case is (1) not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

In his complaint, Jankowski alleges civil rights violations in accordance with 42 U.S.C. §1983. Compl. at 5-7. To prevail in a §1983 case, the plaintiff must prove (1) there was a "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" and (2)

AO 72A
(Rev.8/82)

that this deprivation was a result of actions taken by a person acting "under the color of any statute, ordinance, regulation, custom, or usage, or any State or Territory." Gomez v. Toledo, 446 U.S. 635, 638 1980 (quoting 42 U.S.C. §1983). Moreover, the requirements for a §1983 action must comply with the §1915(e)(2) requirements noted above.

In filing an in forma pauperis petition, a plaintiff subjects himself to initial scrutiny of his claim(s), unlike a plaintiff who files a complaint and pays the filing fee. See Neitzke v. Williams, 490 U.S. 319, 324 (1989). 28 U.S.C. §1915(d) provides judges with the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. In Neitzke, the court recognized that a litigant whose court costs are paid by the public "lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Id. at 324. In recognizing the lack of economic incentive of a litigant proceeding in forma pauperis, the court stated that 28 U.S.C. §1915(d) allows a federal court to dismiss a claim filed in forma pauperis if it is satisfied the claim is frivolous or malicious. Id. Frivolous claims are defined as "describing fantastic or delusional scenarios." Denton v. Williams, 504 U.S. 25, 32 (1992). Claims that are factually frivolous may be dismissed only if the alleged facts are "clearly baseless" encompassing "fanciful", "fantastic", or "delusional" allegations. Id. at 32-33 (citing Neitzke v. Williams, 490 U.S. 319, 325-328). The in forma pauperis petition may not be dismissed because the allegations are unlikely, unless the allegations rise to the level of "irrational or [] wholly incredible." Id. at 33.

Based on the financial disclosures in Jankowski's petition to proceed in forma pauperis, the court is satisfied that Jankowski is indigent. At the outset, the court notes that Jankowski's handwriting is almost illegible. In the future, if he desires to have the court give careful consideration to his submissions, they should be either printed or typewritten. Even though it is a

2

struggle to read his complaint, it is clear that Jankowski has not satisfied all of the §1915(e)(2) requirements.

Jankowski's claim fails to distance itself from the definition of frivolousness set forth above. In his complaint Jankowski contends that he has been the target a domestic spying program for nearly his entire life. See Attach. to Compl. - Pet. to Congress for Tribute for Grievances. According to Jankowski, he has attempted to contact representatives of Journal Broadcasting and WTMJ in an effort to make a public disclosure of this domestic spying program. Compl. at 5. He further alleges that the City of Milwaukee, in cooperation with Journal Broadcasting and WTMJ conspired to "rob" him of his car. Compl. at 6. Jankowski states, "I was unreasonably arrested; my car was unreasonably seized in an attempt by the City of Milwaukee to extort, by reasonable normal necessity of my use, to extort or legally rob me." Id. Further, Jankowski submits that the injunction Journal Broadcasting and WTMJ obtained against him was because of the opinion that "this guy won't shut up, unless we shut him up." Compl. at 12. Jankowski further states that if his information about the domestic spying program is presented to the public it will "...make the 'Watergate Hearings' look like a silly prank." Compl. at 7.

Jankowski believes that he is the target of a domestic spying program, but is unable to present any facts or proof to support his position. Without supporting facts, such allegations are "baseless". Jankowski's contentions that Journal Broadcasting and the City of Milwaukee conspired to "legally rob" him of his vehicle to make his crusade more difficult are "fanciful". Obviously, Jankowski believes that the conduct he charges is actionable, but by failing to provide an evidentiary basis to support his scenario, the complaint does not rise above the level of being "fanciful", "fantastic", or "clearly baseless". Indeed, Jankowski fails to provide particulars demonstrating that the purpose of Journal Broadcasting and WTMJ in obtaining an injunction

3

AO 72A
(Rev.8/82)

against his harassment in Milwaukee County Circuit Court on November 9, 2005, was to "shut him up" and prevent him from disclosing the domestic spying program and the conspiracy against him. Compl. at 12. See also Attach. to Compl. – Circuit Court Order for Injunction. On the other hand, the injunction, attached to the complaint, indicates that Journal Broadcasting and WTMJ sought to stop Jankowski from harassing Journal Broadcasting and its' affiliates' employees. See Attach. to Compl. – Circuit Court Order for Injunction. It is doubtful that the Circuit Court would issue an injunction, which is an extreme remedy, simply to assist the media in "shutting up" Jankowski. Additionally, Jankowski is asking a federal court to vacate a state court injunction, a request that federal courts do not have jurisdiction to grant.

Lastly, throughout the complaint, Jankowski does not mention a single act involving Milwaukee County that would entitle him to relief. Thus, Milwaukee County is not a proper defendant . Therefore,

**IT IS ORDERED** that Jankowski's application to proceed in forma pauperis is **denied**.

**IT IS FURTHER ORDERED** that this case is **dismissed** without prejudice.

Dated at Milwaukee, Wisconsin this 11th day of April, 2006.

CHARLES N. CLEVERT, JR.
United States District Judge

4

AO 72A
(Rev.8/82)